**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E. Lacey,<br><br>            Plaintiff,<br><br>v.<br><br>United States of America,<br><br>            Defendant. | No. CV13-00132-PHX-DGC<br><br>**ORDER** |

Plaintiff Mark E. Lacey has filed a motion for determination of applicable law. Doc. 17. For the reasons that follow, the Court has determined that Arizona law will govern the issue of damages in this case.[1]

**I.    Background.**

On August 21, 2008, Plaintiff, a resident of Arizona, was involved in a motor vehicle collision with Luis Enrique Rodriguez, a U.S. Customs and Border Protection Service Agent, on Interstate Highway 10, west of Sierra Blanca, Texas. Plaintiff alleges that Rodriguez, who was operating a 2007 Ford pickup truck, changed lanes directly in front of Plaintiff, forcing Plaintiff to take evasive action. Plaintiff was injured as a result of the accident. The United States acknowledges that Rodriquez was acting within the course and scope of his employment with the U.S. Customs and Border Protection Service at the time of the collision. Doc. 6 ¶ 5. Plaintiff brought this action against the United States under the Federal Torts Claim Act ("FCTA"), 28 U.S.C. § 1346(b).

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Plaintiff's motion argues that the damages issue in this case should be governed by Arizona law.

**II.     Legal Standard.**

In *Richards v. United States*, 369 U.S. 1, 10 (1962), the Supreme Court held that a federal court must look to the law of the place where the acts of negligence occurred to determine liability and damages in FTCA cases. Because the acts of negligence in this case occurred in Texas, Texas choice of law principles govern.

Texas law requires a court presented with a choice-of-law question to first determine if there is an actual conflict between the laws of the competing jurisdictions. *Schneider Nat'l Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002). Where such a conflict exists, Texas courts have adopted the "most significant relationship" test from the Restatement (Second) of Conflicts of Laws. *Torrington v. Stutzman*, 46 S.W. 3d 829, 848 (Tex. 2001).

**III.    Analysis.**

    **1.     Actual Conflict.**

Plaintiff contends that there is a conflict between Arizona law and Texas law with respect to damages. By statute, Texas has limited the amount of recoverable medical or health care expenses to the amount actually paid by or on behalf of the claimant. Tex. Civ. Prac. & Rem. Code Ann. § 41.0105 (West). The Arizona constitution, on the other hand, prohibits "limiting the amount of damages to be recovered for causing the death or injury of any person [.]" Ariz. Const. art. II, § 31. This presents a clear conflict between Texas and Arizona law. *Schneider*, 280 F.3d at 536.

    **2.     Restatement.**

The Restatement contains both general principles to be applied to all conflicts and principles particular to torts and personal injury actions. Section 6 of the Restatement lays out the general factors:

> (a) the needs of the interstate and international systems,
>
> (b) the relevant policies of the forum,

>(c) the relevant polices of other interested states and the relative interests of those states in the determination of the particular issue,
>
>(d) the protection of justified expectations,
>
>(e) the basic policies underlying the particular field of law,
>
>(f) certainty, predictability and uniformity of result, and
>
>(g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6.

Section 145 of the Restatement states that "[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6." It then lists four contacts to be taken into account in applying the principles of § 6:

>(a) the place where the injury occurred,
>
>(b) the place where the conduct causing the injury occurred,
>
>(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>
>(d) the place where the relationship, if any, between the parties is centered.

*Id.* at § 145. It further instructs that "[t]hese contacts are to be evaluated according to their relative importance with respect to the particular issue." *Id.*

Finally, Section 146 relates specifically to personal injury actions and states that in such actions "the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied." *Id.* at § 146.

### A. Section 146 Presumption.

While § 146 states that the law of the state where the injury occurred will determine the rights and liabilities of the parties in personal injury actions, it only applies

- 3 -

when no other state has a more significant relationship with regard to a particular issue under Section 6 principles. Because Plaintiff has alleged that Arizona has a more significant relationship with respect to the issue of damages, the presumption is not dispositive in this case.

### B. Section 6 Principles.

Plaintiff addresses four of the § 6 principles that he claims are relevant in determining which law applies: the relevant policies of the forum, the relevant polices of the other interested state, the basic policies underlying tort law, and the ease in the determination and application of the law to be applied.

#### i. Relevant Policies of the state of Texas.

Texas courts have explained Texas's interest in the application of its damages law. In *Torrington*, the court stated that a state's "compensatory damages law balances the need to compensate the plaintiff against the goal of protecting resident defendants from undue liability and excessive litigation." 46 S.W. 3d at 849. In this case, there are no Texas plaintiffs to be compensated and no Texas defendants to be protected. Because neither party is domiciled in Texas, its interest in the application of its damage law is diminished. The United States contends that the employee who was in the accident, Agent Rodriquez, was a Texas resident and that "the expectation of the federal government employees who reside in Texas would be that Texas damages law would typically apply, and they would be protected again [sic] excessive damages awards should they be subject to a lawsuit." Doc. 18 at 5. But Agent Rodriquez is not a party to this litigation and does not face a risk of excessive damages in this case. The Court finds that this factor favors the application of Arizona law.

#### ii. Relevant Policies of the state of Arizona.

Arizona's constitutional prohibition against damage limitations seeks to ensure full compensation for Arizona tort victims. *Bryan v. Silverman*, 703 P.2d 1190, 1196 (Ariz. 1985) ("Arizona has a strong policy interest in fully compensating injured plaintiffs to make them whole."). Arizona courts have also noted that full compensation

"helps injured plaintiffs make their medical bill payments to Arizona medical providers, preventing them from becoming wards of the state." *Id*. (citation omitted).  The United States argues that the Arizona policy restricting recovery could result in a windfall for Plaintiff contrary to the policies of the FTCA, but this argument is not a factor in the Texas choice-of-law principles that govern this decision.  The Court finds that Arizona's interests are relevant in this case because Plaintiff is an Arizona resident.  This factor favors the application of Arizona law.

### iii. Basic Policies Underlying Tort Law.

Plaintiff argues that the basic policies of deterrence to tortfeasors and compensation to tort victims are better served by the application of Arizona law.  Doc. 17 at 4.  The United States responds that "there are other relevant policies and factors that should be considered outside of where the Plaintiff lives" (Doc. 18 at 6), but does not suggest any other policies that underlie tort law and are relevant to this case.

Because Plaintiff alleges negligence, the potential deterrence of the damages rule is less relevant than it would be for other torts.  *See Bryant*, 703 P.2d at 1195 ("The basic policies underlying tort law are to provide compensation for the injured victims, and to deter *intentional and deliberate tortious conduct* by imposing punitive damages.") (emphasis added) (citation omitted).  Even though deterrence may not be a strong consideration, the tort-law policy of compensation will be more fully realized under Arizona law.  This factor therefore favors the application of Arizona law.

### iv. Ease in Determination and Application of Law.

Plaintiff argues that Arizona law would be easier to apply because this Court applies Arizona law more frequently than Texas law.  While a court will typically be more familiar with the law of the state in which it sits, such familiarity alone does not mean that state's law will be easier to determine or apply.  Neither the Court nor the parties has identified any difficulty in identifying or applying either Texas or Arizona damages law to this case, and the Court therefore finds this factor to be inconclusive.

/ / /

### v. Additional § 6 Factors.

The additional § 6 factors are: (a) the needs of the interstate and international systems; (b) the protection of justified expectations; and (f) certainty, predictability and uniformity of result. Neither party makes any argument with respect to the needs of the interstate and international systems. The United States argues that "the expectation of the federal government employees who reside in Texas would be that Texas damages law would typically apply, and they would be protected again [sic] excessive damages awards should they be subject to a lawsuit." Doc. 18 at 5. As noted above, the Court finds this expectation irrelevant because Agent Rodriquez is not a party to this suit. Additionally, the Restatement states that "[t]here are occasions, particularly in the area of negligence, when the parties act without giving thought to the legal consequences of their conduct or to the law that may be applied. In such situations, the parties have no justified expectations to protect, and this factor can play no part in the decision of a choice-of-law question." Restatement (Second) of Conflict of Laws § 6 cmt. g. (1971). The certainty, predictability and uniformity factor would tend to favor the application of the law of the place of the injury, particularly in light of the presumption for personal injury actions in § 146.

### C. Section 145 Contacts.

Section 145(2) identifies contacts that are "to be taken into account in applying the principles of § 6 to determine the law applicable to an issue." *Id* at § 145(2). The first two contacts, the place of the injury and the place of the conduct, are both in Texas. The third contact involves the residence of the parties – Arizona for the Plaintiff and no state of "residency" for the United States. The last contact is the place where the relationship between the parties is centered, which one could argue is in either the Plaintiff's state of residency or the place where the accident occurred.

The Texas Supreme Court has found that when considering compensatory damages, "contacts such as the site of the injury or where the tortious behavior occurred, which are important in determining which state's laws govern liability, are less

important." *Torrington*, 46 S.W. 3d 829 at 849. Additionally, a federal district court applying Texas choice of law principles in *Figueroa v. Williams*, V-05-56, 2010 WL 5387599 (S.D. Tex. Dec. 17, 2010), applied foreign damages law to a case involving non-Texas plaintiffs and non-Texas defendants, despite the fact that both the injury and accident took place in Texas. In light of these cases, the most significant contact under these circumstances is the Plaintiff's state of residency. That contact favors the application of Arizona law on the issue of damages.

**IV.   Conclusion.**

Arizona has the most significant interest with respect to the damages law applied to this case. Arizona has a strong interest in applying its compensation-favoring rule to an Arizona resident, while Texas has little interest in applying its liability-limiting rule to a non-Texas defendant. The policies underlying tort law also favor Arizona law. As a result, the Court concludes that Texas choice-of-law principles require the Court to apply Arizona law.

The United States has requested that the Court delay ruling on this motion until additional discovery has been completed. In making this request, however, the government has not identified any information it hopes to uncover, nor has it explained how additional discovery could change the analysis. Delay of this decision is not warranted by the government's argument.

**IT IS ORDERED** that the Plaintiff's motion for determination of applicable law (Doc. 17) is **granted**. The Court concludes that the issue of damages in this case will be governed by Arizona law.

Dated this 4th day of September, 2013.

_____
David G. Campbell
United States District Judge